UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FLAGSHIP LIVING TRUST, for the benefit of PATRICK S. KITTLER, an individual,

CIVIL NO.: 01-656 (MJD/SRN)

v.

LMA UNDERWRITING AGENCY INC., a Minnesota Corporation; FRONTLINE PROCESSING CORPORATION, a Nevada Corporation; CHRISTOPHER KITTLER, a resident of the State of Minnesota; and RONALD REAVIS, a resident of the State of Montana.

---

That the above-entitled matter came on for hearing before the undersigned United States District Judge of the United States District Court for the District of Minnesota on the 8th day of February, 2002, upon Plaintiff's Application for a Temporary Restraining Order, and upon Defendant LMA Underwriting Agency, Inc.'s motion dismiss the Complaint for failure to comply with Fed. R. Civ. P. 23.1 or 12(b)(6), or in the alternative, to stay proceedings pursuant to Minn. Stat. § 302A.241 and the business judgment rule., and Defendant Frontline Processing Corporation, Christopher Kittler and Ronald Reavis' motion to dismiss, to strike and for a more particular statement.

---

John D. Thompson, Esq. and Robert D. Stewart, Esq. appeared on behalf of the Plaintiffs.

Michael O. Freeman, Esq. appeared on behalf of the Defendant LMA Underwriting Agency, Inc., ("LMA").

Robert C. Moilanen, Esq. appeared on behalf of the other defendants.



FEB 08 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

FINDINGS OF FACT

Based upon the foregoing, and upon all files, records and proceedings herein, the Court makes the following factual findings:

1. LMA is a closely-held corporation organized and existing under the laws of the State of Minnesota. Its principle place of business is in the State of Montana. Plaintiffs are holders of 30% of the stock of LMA. Plaintiff Patrick Kittler is a director of LMA.

2. Defendant Christopher Kittler is a resident of Montana and director, officer and majority shareholder of LMA. Defendant Ronald Reavis is a resident of Montana and an officer of LMA.

3. Plaintiffs have commenced this action, in their capacity as the holder 30% of the stock of LMA, alleging both direct and derivative claims against defendants arising under Minnesota law.

4. On or about June 1, 2001, defendant Christopher Kittler, acting in his purported capacity as "sole director" of LMA, issued a "Written Action in Lieu of a Special Meeting" of LMA's Board of Directors. This Written Action purports to appoint a "Special Litigation Committee" to investigate plaintiffs' derivatively pleaded claims in this action. Christopher Kittler was not authorized to issue this Written Action under LMA's by-;laws, which require that ta written action taken in lieu of a board meeting must be taken with the written consent of all directors. Patrick Kittler did not consent in writing to the appointment of the Special Litigation Committee.

## CONCLUSIONS OF LAW

Based upon the foregoing, and upon all files, records and proceedings herein, the Court makes the following conclusions of law:

I. Injunctive Relief

1. Rule 65 of the Federal Rules of Civil Procedure governs the issuance of preliminary injunctive relief. Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 114 n.8 (8th Cir. 1981).

2. The purpose is to preserve the status quo. See Cordis Corp. v. Medtronic, Inc., 835 F.2d 859, 863 (Fed. Cir. 1987). Four factors apply: (1) the probability that the movant will succeed on the merits; (2) the threat of irreparable hearm to the movant; (3) the balance between this harm and the injury; and (4) public interest. See Dataphase, 640 F.2d at 113.

3. As detailed in the Memorandum, Declarations and Affidavits in support of their Application for Temporary Restraining Order, plaintiffs are likely to succeed on the merits of their derivatives claims for usurpation of corporate opportunities, breach of duty of loyalty, tortious interference, misappropriation and misuse of trade secrets and confidential information, conflicts of interest, injunctive relief and appointment of a receiver.

4. As detailed in the Memorandum, Declarations and Affidavits in support of their Application for Temporary Restraining Order, plaintiffs will be irreparably harmed if their Application for Temporary Restraining Order is not granted.

5. The public interest is served by granting plaintiff's Application for Temporary Restraining Order.

6. The balance between the harm and the injury favors granting plaintiffs; Application for Temporary Restraining Order.

<u>ORDER</u>

Based upon the foregoing, and upon all files, records and proceedings herein, IT IS HEREBY ORDERED:

1. Plaintiff's application for a temporary restraining order is granted.

2. The purported Special Litigation Committee is immediately and temporarily restrained and enjoined from investigating or otherwise performing services with respect to the matters at issue in this lawsuit.

3. Plaintiffs shall post a $2,000.00 bond or deposit $2,000.00 with the Clerk of Court prior to this Order becoming effective.

4. This Order shall remain in full force and effect until such further time as this Court shall otherwise order.

5. Defendant LMA Underwriting Agency, Inc.'s Motion to Dismiss or in the alternative to Stay is DENIED.

6. Defendant Frontline Processing Corporation, Christopher Kittler and Ronald Reavis' Motion to Dismiss is DENIED.

Dated: 2-8-02

Michael J. Davis

MICHAEL J. DAVIS
United States District Court