UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FLAGSHIP LIVING TRUST, for the benefit of PATRICK S. KITTLER, an individual,

Plaintiffs,

v.

LMA UNDERWRITING AGENCY, INC., a Minnesota corporation; FRONTLINE PROCESSING CORPORATION, a Nevada corporation; CHRISTOPHER KITTLER, a resident of the State of Montana, and RONALD REAVIS, a resident of the State of Montana,

Defendants.

Civil File No. No. 01-656 (MJD/SRN)

ORDER ON PLAINTIFFS' MOTION TO COMPEL AND FOR COSTS AND SANCTIONS

This matter came before the Court on Plaintiffs' Motion to Compel Production and for Costs and Sanctions. A hearing on the motion was conducted on July 22, 2002, at which John D. Thompson, Esq., appeared on behalf of plaintiffs; Eric J. Braaten, Esq., appeared on behalf of defendants Christopher Kittler, Frontline Processing Corporation and LMA Underwriting Agency, Inc.; and no appearance was made by or on behalf of defendant Ronald Reavis.

Based upon the files and records herein, and upon the memoranda, declarations, and arguments of counsel, plaintiffs' motion is GRANTED in part, and it is hereby ORDERED as follows:

1. By August 2, 2002, Defendants LMA Underwriting Agency, Inc. ("LMA"), Frontline Processing Corporation ("Frontline") and Christopher Kittler ("Christopher") shall provide written executed answers and responses to all outstanding discovery served upon them by Plaintiffs. In addition, by August 2, 2002, LMA, Frontline and Christopher shall make

FILED JUL 26 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

available for inspection and copying all documents in their possession, custody or control that are responsive to Plaintiffs' document requests. All documents produced by Defendants shall be Bates labeled.

2. By August 2, 2002, plaintiffs, LMA, Frontline and Christopher shall enter into a stipulation for a protective order whereby the banking account records of Frontline shall be produced to plaintiffs' counsel in their entirety and a second set of the banking account records of Frontline shall be produced to plaintiffs with Frontline's banking account numbers redacted. If the redaction of Frontline's banking account numbers interferes with Plaintiffs' ability to prosecute their case, Plaintiffs may bring a motion to the Court to seek access to the banking account numbers of Frontline.

3. Counsel for LMA, Frontline and Christopher shall immediately serve a copy of this Order upon attorney Michael O. Freeman of the Lindquist & Vennum law firm and advise Mr. Freeman to submit a letter to the Court if his law firm objects to the subpoena that Plaintiffs served upon Lindquist & Vennum. Mr. Freeman must submit any such objections to the Court by August 2, 2002. If Mr. Freeman makes any objection, his law firm will be entitled to a hearing as to its objections.

4. In lieu of serving third-party subpoena requests with respect to any information in the possession of third parties, Plaintiffs will serve LMA, Frontline and Christopher with the identities of entities from which they seek information. LMA, Frontline and Christopher will provide authorizations to those entities within ten (10) calendar days for the information that Plaintiffs seek. Those entities will be instructed to provide the documents to Plaintiffs' counsel within ten (10) calendar days of service. To the extent that any third party has documents that

contain banking account numbers of Frontline, Plaintiffs' counsel will remove the banking account numbers before showing the documents to Plaintiffs.

5. With regard to any future discovery disputes, the parties will comply with Rule 37 of the Federal Rules of Civil Procedure and arrange a telephone conference with the undersigned prior to bringing any written discovery motion.

6. Defendants' objections to Plaintiffs' subpoenas served to date are hereby overruled.

7. Plaintiffs' motion for sanctions is denied at this time.

DATED this 26th day of July, 2002.

BY THE COURT

Susan Richard Nelson

The Honorable Susan R. Nelson
United States Magistrate Judge