UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Flagship Living Trust, for the benefit of Patrick S. Kittler, an individual,

Plaintiffs,

vs.

LMA Underwriting Agency, Inc., a Minnesota corporation; Frontline Processing Corporation, a Nevada corporation; Christopher Kittler, a resident of the State of Montana; and Ronald Reavis, a resident of the State of Montana,

Defendants.

Civil Case No. 01-656 MJD/SRN

**STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION**

IT IS HEREBY STIPULATED AND AGREED by and between plaintiffs and defendants, by and through their counsel, that:

1. This stipulation governs the handling of all documents and other information produced or given during discovery proceedings in this action.

2. Any party may label or designate a document "Attorneys' Eyes Only" if: (1) the document has been ordered labeled or designated "Attorneys' Eyes Only" by previously issued court order; (2) the document is ordered labeled or designated "Attorneys' Eyes Only' by subsequently issued court order; or (3) the parties agree that the document shall be labeled or designated "Attorneys' Eyes Only". Documents labeled "Attorneys' Eyes Only" may only be disclosed or made available to the following persons:

SEP 19 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

a. The Court; and

b. Counsel of Record to the parties to the litigation and clerical, secretarial and paralegal staff employed by such counsel.

3. A redacted set of the documents labeled "Attorneys' Eyes Only" will be produced to plaintiffs' counsel without the "Attorneys' Eyes Only" label. This set will have the same Bates Numbers as the set labeled "Attorneys' Eyes Only." The redacted set may be produced to plaintiffs.

4. All documents produced in this lawsuit shall be treated as confidential and may only be disclosed or made available by the parties to the following persons:

a. The Court;

b. Counsel of Record to the parties to the litigation and clerical, secretarial, and paralegal staff employed by such counsel;

c. Court reporters;

d. Experts assisting in the prosecution or defense of the litigation;

e. Parties to the litigation and representatives of the parties (officers, directors, employees) assisting in the prosecution or defense of the litigation;

f. Deponents; and

g. Any other person the parties agree to in advance in writing.

In the event that documents and/or information produced in this lawsuit are disclosed to a prospective expert, he or she shall sign a copy of and be bound by the terms of this Stipulation.

5. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents or information obtained by such party or witness independently of the discovery proceedings in the above-captioned litigation.

6. Documents or information (including portions of documents or transcripts) used in connection with any motion or hearing in connection with the litigation shall be filed under seal.

7. At the conclusion of the above-captioned litigation, all documents and all copies of documents shall be promptly returned to defendants' counsel or destroyed. Similarly, all outlines, summaries, abstracts, compilations, memoranda, documents, and the like, constituting, embodying, concerning, or disclosing information produced in this litigation shall be promptly returned to defendants' counsel or destroyed. Briefs and other court papers prepared for use in the above-captioned litigation need not be returned or destroyed, but shall be kept confidential. Notwithstanding any provision of this Order, should it be determined that Patrick Kittler is a shareholder and director of LMA and or Frontline, he reserves his right to request an order from the Court permitting him to maintain copies of or to disclose documents produced during this litigation as he would otherwise be entitled based upon is status as a shareholder and director of LMA and or Frontline.

8. Nothing in this Stipulation shall be deemed a waiver of the right of any party to oppose production or disclosure of information on the grounds other than confidentiality, including, but not limited to, relevance, materiality, privilege, work product, or as not being calculated to lead to the discovery of admissible evidence.

9. This Stipulation is entered without prejudiced to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Stipulation, when convenience or necessity requires. However, until modified by agreement between the undersigned or by an Order of this Court, all documents or information will be treated in accord with the terms of this Stipulation.

10. If any party violates this Agreement, the other parties may seek an Order from the Court for sanctions as the Court deems appropriate.

Dated: August 7, 2002

RIDER BENNETT EGAN & ARUNDEL

By: ______________________
John D. Thompson #178676
Peter Gray #25809X
333 South Seventh Street
Suite 2000
Minneapolis, MN 55402

ATTORNEYS FOR PLAINTIFFS

NICKLAUS BRAATEN & HOLLENHORST, P.L.L.C.

By: ______________________
Eric J. Braaten #248502
Charles W. Hollenhorst #286151
500 Pine Street North
Suite 200
Chaska, MN 55318

ATTORNEYS FOR DEFENDANTS CHRISTOPHER KITTLER, LMA UNDERWRITING CORP. AND FRONTLINE PROCESSING CORP.

**ORDER**

Based upon the foregoing stipulation and agreement of the parties, the stipulated terms set forth in Paragraph Nos. 1-10 of the Stipulation are adopted as an Order of this Court.

BY THE COURT:

Dated: September 19, 2002

______________________
The Honorable Susan R. Nelson
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.