UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FLAGSHIP LIVING TRUST, for the benefit of PATRICK S. KITTLER, an individual,

Plaintiffs,

v.

LMA UNDERWRITING AGENCY, INC., a Minnesota corporation; FRONTLINE PROCESSING CORPORATION, a Nevada corporation; CHRISTOPHER KITTLER, a resident of the State of Montana, and RONALD REAVIS, a resident of the State of Montana,

Defendants.

Civil File No. No. 01-656 (MJD/SRN)

STIPULATION AND AMENDED PRETRIAL SCHEDULING ORDER

**STIPULATION**

The parties to this case hereby stipulate that the dates for the completion of discovery, the filing of non-dispositive and dispositive motions and readiness for trial set in the Pretrial Scheduling Order may be postponed by ninety (90) days.

Counsel for Plaintiffs

By:
Robert D. Stewart
McNaul Ebel Nawrot Helgren & Vance PLLC

By:
Peter Gray (25809X)
Rider Bennett Egan & Arundel

Attorneys for LMA Underwriting Agency, Inc., Frontline Processing Corporation and Christopher Kittler

By:
Eric Braaten
Nicklaus Braaten & Hollenhorst

JAN 0 7 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK



LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN & VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

JAN-02-2003 12:04 FROM MCNAUL EBEL SEATTLE,WA TO 19524484787 P.02

TOTAL P.03

**ORDER**

This matter having come before the Court upon stipulation of the parties, it is hereby ORDERED that the Pretrial Scheduling Order entered in this matter on March 15, 2002 is amended as follows:

1. Discovery shall be completed by April 2, 2003.

2. All non-dispositive motions and supporting documents, including those relating to discovery, shall be served and filed by May 2, 2003.

3. All dispositive motions shall be served, filed and heard by August 1, 2003.

4. This case shall be ready for trial (Jury) on September 1, 2003, or upon resolution of any pending dispositive motions. Anticipated length of trial 10 days.

DATED: January 6, 2003.

Susan Richard Nelson
US Magistrate Judge
No further extensions will be granted



LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN & VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1485.1 c111802 1/2/03

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.