UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FLAGSHIP LIVING TRUST, for the benefit of PATRICK S. KITTLER, an individual,

Plaintiffs,

v.

LMA UNDERWRITING AGENCY, INC., FRONTLINE PROCESSING CORPORATION, CHRISTOPHER KITTLER and RONALD REAVIS,

Defendants.

CIVIL NO. 01-656 (MJD/JSM)

**THIRD** AMENDED
PRETRIAL SCHEDULING ORDER

The above-captioned matter came on before the undersigned on June 17, 2003 by telephonic conference to address the deadline for plaintiff's disclosure of its expert witnesses. Plaintiffs were represented by Robert Stewart, Esq.; defendants LMA Underwriting Agency, Inc., Frontline Processing Corporation, and Christopher Kittler were represented by Eric Braaten, Esq.

Based upon the arguments of counsel and pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the Pretrial Scheduling Order shall be modified with respect to plaintiffs' expert disclosures as set forth below. (These changes are shown below in bold.) The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Pleadings and Disclosures

| | |
|---|---|
| April 15, 2002 - | All pre-discovery disclosures required by Rule 26(a)(1) shall be completed. |

Filed JUN 24 2003
Richard D. Sletten, Clerk
Judgment Entered ______
Deputy Clerk's Initials ______

August 1, 2002 - All motions which seek to amend the pleadings or add parties must be served and filed. This deadline does not apply to motions which seek to amend the complaint to add a claim for punitive damages. Such motions must be brought on or before the non-dispositive motion deadline.

Discovery and Nondispositive Motions

**September 1, 2003 - For all experts whose identity was previously disclosed by plaintiffs under Rule 26(a)(2)(A) on or before November 1, 2002, plaintiffs shall serve on defendants by September 1, 2003 full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness.**

**October 1, 2003 - To rebut the Rule 26(a)(2)(B) disclosures served by plaintiffs on or before September 1, 2003, defendants shall serve on plaintiffs by October 1, 2003 any rebuttal disclosures pursuant to Rule 26(a)(2)(A) and (B), accompanied by the written report prepared and signed by the expert witness.**

November 1, 2003 - All discovery of any kind, including expert depositions, shall be commenced in time to be completed by this date.

November 6, 2003 - All non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed by this date. Prior to scheduling any non-dispositive motion, the parties are encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved through a telephone conference with the Magistrate Judge. To the extent that formal discovery motions will be filed, nondispositive motions may be scheduled for hearing by calling Katherine Haagenson, Calendar Clerk to Magistrate Judge Janie S. Mayeron, (651) 848-1190. All nondispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1, 37.1 and 37.2. A Reply Memorandum not exceeding five pages may be delivered to opposing counsel and the chambers of this Court no later than 9:00 a.m. on the business day preceding the hearing.

Dispositive Motions and Trial

January 1, 2004 - All dispositive motions shall be served and filed by this date. Counsel are reminded to schedule this hearing by calling Calendar Clerk Debra Long, 612-664-5073. All dispositive

motions shall be scheduled, filed and served in compliance with Local Rule 7.1. See particularly Local Rule 7.1(b)(2)(A) through (E).

This case shall be ready for trial as January 1, 2004, if no dispositive motion is filed, or upon resolution of any dispositive motion, but no later than March 1, 2004. The parties estimate that trial of this Jury matter will take 10 days.

General

No more than 15 depositions shall be taken by any party.

No more than 25 Interrogatories (including all subparts).

Each party may depose no more than 2 experts.

Each party may call no more than 2 experts at trial.

Dated: June 24, 2003

JANIE S. MAYERON
United States Magistrate Judge

MEMORANDUM

Pursuant to the Pretrial Scheduling Order dated March 15, 2002, this Court set the date for initial disclosures pursuant to Rule 26(a)(2)(A) and (B) for November 1, 2002 for all parties. Plaintiffs disclosed the identity of a damages expert (accountant) pursuant to Rule 26(a)(2)(A) on or before this deadline. However, because plaintiffs did not receive certain documents and financial records from defendants until late October, 2002, which plaintiffs' expert needed in order to form an opinion on damages, plaintiffs were unable to produce the expert disclosure and written report required by Rule 26(a)(2)(B) by the November 1, 2002 deadline. In addition, a dispute arose between plaintiffs and plaintiffs' counsel leading to plaintiffs' counsels' motions to withdraw, which dispute further impeded plaintiffs' counsels' ability to perform the discovery and analysis needed to prepare the

expert disclosures.

In light of the timing of defendants' production of the information necessary to permit plaintiffs' expert to reach an opinion and prepare the expert report, and the circumstances surrounding plaintiffs' counsel's motion to withdraw, this Court will permit plaintiffs to prepare and serve by September 1, 2003, the expert disclosures and written report required by Rule 26(a)(2)(B) for the damage expert previously disclosed. At the same time, in order to avoid prejudice to defendants by this belated disclosure, defendants shall be permitted to identify a rebuttal expert and produce their rebuttal disclosures pursuant to Rule 26(a)(2)(B) and rebuttal expert report to plaintiffs by October 1, 2003, to address the opinions rendered by plaintiffs' damage expert.

J.S.M.