UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FLAGSHIP LIVING TRUST, for the benefit of PATRICK S. KITTLER, an individual,

Plaintiffs,

v.

LMA UNDERWRITING AGENCY, INC., a Minnesota corporation; FRONTLINE PROCESSING CORPORATION, a Nevada corporation; CHRISTOPHER KITTLER, a resident of the State of Montana, and RONALD REAVIS, a resident of the State of Montana,

Defendants.

Civil File No. No. 01-656 (MJD/SRN)

PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE MAYERON'S REPORT AND RECOMMENDATION ISSUED AUGUST 19, 2004

**INTRODUCTION**

With the exception of one claim, Magistrate Judge Mayeron has recommended that this Court deny defendants' Motion for Summary Judgment. Defendants' motion had sought complete dismissal of plaintiffs' claims despite clear evidence that defendant Christopher Kittler had abused his position as CEO of LMA Underwriting, a company that he jointly owned with this brother.

There is substantial evidence to show that Christopher built Frontline, a company which he now claims is entirely his own, using the employees, customers, proprietary information and capital of LMA. Furthermore, there is overwhelming evidence that, while he was doing so, Christopher completely neglected his responsibilities to LMA. LMA's outside accountant testified that the company's financial records were such a shambles that it was impossible to prepare tax returns for any years after 1988. For a summary of the factual record presented by plaintiffs in opposition to defendants' summary judgment motion, plaintiffs direct the Court's attention to pages 2 though 9 of Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment, Sanctions and Attorneys' Fees (hereinafter "Plaintiffs' Memorandum in Opposition").



LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN & VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Magistrate Judge Mayeron's Report and Recommendation correctly concludes that there are disputed facts that preclude summary judgment for defendants.

## RESPONSES TO DEFENDANTS' OBJECTIONS

1. Plaintiffs' Contract Claim Should Not Be Dismissed. Both Sides Agree That There Was A Contract Between The Brothers, But They Disagree About The Contract's Terms.

In their summary judgment papers, defendants did not dispute the facts that defendant Christopher Kittler had used the employees and assets of LMA to start Frontline, or that he had failed to keep financial records to account for the disappearance of LMA's money. Instead, defendants attempted to smear plaintiff Patrick Kittler with allegations that he had forged his brother's signature on a 1995 agreement. Defendants then attempted to bootstrap the alleged forgery into dismissal of most, if not all, of plaintiffs' claims.

Magistrate Judge Mayeron found, however, that there was a significant factual dispute as to whether the 1995 agreement between the brothers was a forgery. Report and Recommendation (hereinafter, "R&R"), pp. 20 to 21. Patrick Kittler, for example, vigorously denies forging his brother's signature, and Christopher's and Patrick's father supports Patrick's version of the events. Decl. of J.P. Kittler. Furthermore, even if defendants' expert's testimony that it is "highly probably" that Christopher's signature on the document is not genuine is accepted, there is no evidence to support defendants' claim that Patrick Kittler placed Christopher's signature on the document. As Magistrate Judge Mayeron noted, there is evidence that Christopher Kittler has a history of claiming that his signature was forged, even when the documents at issue were legitimate corporate obligations. R&R at 19.

In their objection, defendants ask the Court to dismiss the contract claim even though defendant Christopher Kittler himself has admitted the existence of a contract. Plaintiffs Opposition



LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

p. 3 and exhibits referred to therein. While Christopher contends that the terms of that contract are different from those claimed by Patrick, he agrees that a contract exists. As for the terms of the contract, Magistrate Judge Mayeron found that there is independent evidence supporting plaintiffs' contentions, because for a number of years after 1995, Christopher complied with the terms of the 1995 contract document. In particular, Christopher took advantage of the provision in the agreement that permitted him to use LMA's resources to set up Frontline. R&R, pp. 20-21. Only after he had Frontline set up and operating profitably did Christopher decide to renounce the contract.

2. Rider Bennett's Failure To Sign Plaintiffs' Memorandum Was Unrelated To The Merits Of Plaintiffs' Claims.

As they did in their motion papers, defendants devote a part of their Objection to an attempt to impugn Patrick's honesty. It is unfortunate and surprising that defendants would choose such a course, because defendant Ronald Reavis, who was for many years the chief financial officer of the defendant companies, testified at his deposition that Christopher had agreed to pay Reavis in exchange for Reavis perjuring himself in a sworn statement filed in this case. Reavis Dep., pp. 8-18 and Ex. 2. For purposes of this summary judgment motion, however, the point is that questions of credibility should await a full airing of the evidence at trial.

As for defendants' claim concerning Rider Bennett's failure to sign the plaintiffs' Memorandum in Opposition, it is not evidence that has any bearing on the summary judgment motion. Rider's failure to sign was the result of a last minute scramble to get the brief filed in a timely manner. It was not an indication of Rider Bennett's views on the brief's content.



LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

3. Because There Exist Disputed Issues Of Fact As To Plaintiffs' Contract Related Claims, Dismissal Of Plaintiffs' Direct Claims Is Not Appropriate.

Under Minnesota law, in order to maintain direct, as opposed to derivative, claims a plaintiff must allege direct injury. *Skogland v. Brady,* 541 N.W.2d 17, 21 (Minn. Ct. App. 1995). One means of asserting such injury is through a breach of contract claim. As discussed previously in this memorandum, Magistrate Judge Mayeron's Report and Recommendation finds correctly that there are disputed issues of fact regarding plaintiffs' contract based claims. Because there is a contract claim, the Magistrate's recommendation that the Court deny defendants' request for dismissal of all plaintiffs' direct claims is correct.

As defendants themselves admit in their Objections to the Report and Recommendation at page 7, "a breach of contract between the shareholder and an officer of the company would be an example of a direct claim." Defendants acknowledge that, if this Court accepts Magistrate Judge Mayeron's recommendation that the contract claim should survive summary judgment, then the direct claims should remain. They ask, however, that the Court issue some sort of provisional ruling concerning what **might** happen to direct claims at trial. That issue is not ripe for adjudication and should await the trial of this case on the merits.

4. The Magistrate's Recommendation Concerning The Usurpation Claim Should Be Adopted.

In support of summary judgment dismissing plaintiffs' usurpation of corporate opportunities claim, defendants offered the self-serving testimony of Christopher Kittler that it would not have been possible for him to have jointly operated both an insurance company and an ISO. Because plaintiffs did not offer a witness to directly contradict Christopher, defendants argue that it was "undisputed" that Christopher's testimony was correct.



LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN & VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

What the Objection ignores is that the plaintiffs **did** offer substantial evidence to rebut Christopher's testimony, and Magistrate Judge Mayeron correctly found that there is a disputed issue of fact. There is significant evidence showing that Christopher Kittler's own conduct flatly contradicted his self-serving testimony. Defendants own records and the testimony of their employees and accountants show that, contrary to what Christopher claimed, he concurrently operated both the insurance and ISO businesses from the same offices with the same employees for a period of several years. As Magistrate Judge Mayeron finds at page 25 of her Report and Recommendation:

> Frontline's ISO business was established and operated by LMA employees, in LMA's offices, using LMA's money and assets…Reavis testified that Frontline and LMA were operated as a single entity and Christopher testified that Frontline was processing over $5 million in business, per month, before having a single employee or even an office.

The suggestion that it is undisputed that LMA could not set up or run an ISO is contradicted by defendants' own testimony and conduct.

5. Defendants Claim That Plaintiffs Failed To Address Count Seven In Their Responsive Brief Is Incorrect.

Count 7 of the complaint asserts a statutory claim for breach of Christopher Kittler's duty of loyalty pursuant to Minn. Stat. § 302A.251, subd. 4. The claim is addressed in Section D.9. at page 21 of Pltfs' Memorandum in Opposition. Moreover, the factual record which is summarized at pages 2 to 9 of that Memorandum, presents significant examples of Christopher's breaches of his duty of loyalty. As Magistrate Judge Mayeron observes at page 30 of the Report and Recommendation:

> [T]here is substantial evidence supporting the claim that Christopher breached his fiduciary duties and duties of loyalty as an officer and director of LMA. Patrick presented evidence showing that Christopher failed to pay LMA's taxes or file its tax returns from 1998 to 2000, failed to keep adequate books and financial records for LMA, used employees paid by LMA to start Frontline, and abandoned LMA once Frontline had been started because Frontline was more profitable for Christopher.



LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN & VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

The Magistrate Judge's recommendation that the motion for summary judgment on plaintiffs' breach of loyalty claim should be denied is correct, and defendants' objection should be overruled.

DATED this 13 day of September, 2004.

McNAUL EBEL NAWROT HELGREN & VANCE PLLC

By: s/Robert D. Stewart
Robert D. Stewart, WSBA No. 8998
600 University Street, Suite 2700
Seattle, WA 98101
(206) 467-1816
(206) 624-5128 (fax)

RIDER BENNETT, LLP

By: s/Peter Gray
John D. Thompson (178676)
Peter Gray (25809X)
333 South Seventh Street, Suite 2000
Minneapolis, MN 55402
(612) 340-8973 and (612) 340-8968

Attorneys for Plaintiffs



LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN & VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816